**MANDATE**

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand twenty-two.

PRESENT:
> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellant*,

v.  22-1043

JAMES P. FOX,

> *Defendant-Appellee*.

---

FOR APPELLANT:  AARON J. MANGO (Tiffany H. Lee, *on the brief*), Assistant United States Attorneys, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY

FOR DEFENDANT-APPELLEE:  SPENCER L. DURLAND (Timothy W. Hoover, *on the brief*), Hoover & Durland LLP, Buffalo, NY

Appeal from a May 5, 2022, order of the United States District Court for the Western District of New York (Lawrence J. Vilardo, *Judge*).

MANDATE ISSUED ON 08/08/2022

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

On February 3, 2022, Defendant-Appellee James P. Fox was charged by criminal complaint with violations of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 924(c). On February 11, 2022, a United States Magistrate Judge granted the Government's motion to detain Fox pending trial. Fox appealed to the United States District Court for the Western District of New York (Lawrence J. Vilardo, *Judge*). On April 12, 2022, a grand jury returned a seven-count indictment charging Fox with distributing heroin and cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Counts 1 and 2); using and maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1) (Count 3); possessing a firearm in furtherance of drug-trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 4); distributing heroin causing serious bodily injury in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Count 5); and sex trafficking by coercion in violation of 18 U.S.C. § 1591(a)(1) and 1591(b)(1) (Counts 6 and 7). Fox's alleged underlying conduct all took place between 2018 and August 2021 and included, as the Government describes it, "a pattern of preying on drug-addicted women and providing them with drugs so he could subject them to non-consensual sexual acts." Government Br. at 13. On May 5, 2022, the district court vacated the magistrate judge's order of detention and ordered Fox released pending trial subject to compliance with a detailed set of conditions. Those conditions included, among many other things, that the defendant post a $300,000 surety bond secured by certain properties; that he live at his parents' home; that he be placed in the custody of his father, who would in turn have to execute a supervision agreement; that the defendant participate in a "home incarceration" program including electronic monitoring, and install security cameras at every entrance to his father's home, with the live feed available to both the Government and the Probation Office, and all footage preserved for later review; that the defendant participate in computer/internet monitoring by the U.S. Probation Office; and that the defendant not use the internet or other means to search for escorts, and refrain from any contact or association with an escort. *United States v. Fox*, --- F. Supp. 3d ---, No. 22-CR-53, 2022 WL 1420780, at *9–10 (W.D.N.Y. May 5, 2022). In so ordering, the district court acknowledged that "[t]he images and communications presented by the government have substantial shock value, and the allegations are deeply disturbing." *Id.* at *1. Nevertheless, having "carefully reviewed the parties' submissions and considered their respective arguments," and "upon its review of the record and the factors set forth in 18 U.S.C. § 3142(g), including consideration of the rebuttable presumption" that detention is warranted for five offenses with which the defendant was charged, the district court concluded that

> Fox has met his burden of production with respect to the rebuttable presumption; the government has established by a preponderance of the evidence that Fox presents a risk of flight, but there is a combination of conditions that reasonably will assure his presence at trial if he is released; and the government has not established by clear and convincing evidence that Fox presents a risk of danger for which there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community.

*Id.* at *5. As relevant to this appeal, the district court explained that "there is no evidence that Fox actually engaged in any commercial sex act after 2020," *id.* at *7, and that the Government failed to explain

> how the numerous proposed conditions would not mitigate any potential risk of

> danger or flight. Nor was the government able to convincingly answer that question at oral argument. On the contrary, with respect to the risk of flight, the government all but conceded that Fox would not be a flight risk with the proposed conditions. And with respect to danger, other than repeatedly referencing Fox's sex addiction, the government provided no reason to believe that Fox would jeopardize his freedom by engaging in illegal activity while being closely monitored. Nor has the government presented any evidence of recent drug activity.

*Id.* The Government now appeals the district court's pretrial release order, seeking to keep Fox detained pending trial. We assume the parties' familiarity with the record.

"[W]e apply deferential review to a district court's [bail determination] and will not reverse except for clear error." *United States v. Mattis*, 963 F.3d 285, 291 (2d Cir. 2020) (internal quotation marks omitted). On appeal, the Government argues only that the district court clearly erred in determining that the Government failed to show by clear and convincing evidence that there are no conditions or combination of conditions sufficient to reasonably assure the safety of any person or the community. Specifically, the Government contends that each of the statutory factors set forth in 18 U.S.C. § 3142(g) "weigh[s] heavily" in favor of Fox's detention and that the district court did not properly consider the rebuttable presumption in favor of detention in its analysis. Government Br. at 12–13. The Government's argument rests substantially on attempting to contradict Fox's assertion that he voluntarily ceased—*before* the Government even began its investigation—the alleged conduct underlying the charges against him involving commercial sex after September 2020 and drug use in his home after the spring of 2021. Although we find this case to be a close call,[1] we cannot conclude that the district court clearly erred. We discuss each category of evidence in turn.

First and foremost, the Government argues vigorously on appeal that a photograph dated April 2021 demonstrates that Fox plainly engaged in commercial sex acts after the date on which he contends that he voluntarily ceased.[2] But that photograph depicts a woman whose physical appearance is consistent with that of R.D., Fox's girlfriend, who testified that her sexual activity with Fox, from the time their romantic and non-commercial relationship began, has been consensual. The Government has not identified any feature of the photograph or the person depicted in it that allows a definitive conclusion either way, and so the April 2021 photograph does not support a finding of clear error. And the Government admits in its supplemental briefing that the woman depicted in the only other photograph at issue from after September 2020, dated March 2021, looks like R.D. Accordingly, we cannot conclude that the district court committed clear error in crediting Fox's testimony that he has not engaged in commercial sex since 2020.

The Government's remaining evidence is similarly unpersuasive. The cell phone records,

---

[1] The district court recognized as much in its release order by adding various heightened restrictions beyond those proposed by Fox or recommended by the U.S. Probation Office.

[2] For reasons that are unclear, the Government did not initially provide this Court with copies of any of the exhibits that, it argued, supported detention. The Court was therefore at a distinct disadvantage in assessing, for example, the Government's contentions regarding the April 2021 photo which the Government had neither provided nor meaningfully described. We were similarly unable to assess the Government's contentions that the district court had misconstrued a recorded jail call between Fox and R.D., when the Government failed to provide this Court with either a copy of the audio recording or even a transcript of that call. The Government provided such materials only after the panel requested supplemental briefing accompanied by relevant exhibits. Parties would do well to remember that if they wish to rely upon particular portions of the record, these must be made available to this Court.

3

text messages, and internet search history from 2021 and 2022 presented by the Government indicate that Fox was still in contact with escorts and had searched for and viewed escort websites. But the Government presented no evidence that Fox followed through on any of these communications or searches, and so fails to demonstrate that Fox actually engaged in commercial sex after September 2020. Likewise, the Government has not identified any evidence indicating that the district court clearly erred in concluding that a recorded jail call between Fox and R.D. was anything more than fantasy talk. The only other evidence of Fox engaging in commercial sex after September 2020 presented by the Government is its own proffer that Fox engaged in sex acts and drug distribution with Victim 4 in April 2021. But witness statements disclosed in discovery contradict this proffer, and so we cannot say that the district court clearly erred on this point.

As to the Government's argument that Fox lied about not having drugs in his possession after the spring of 2021, the Government relies only on a photograph saved on Fox's phone of crack cocaine on a scale dated May 2021. The Government's contention in this regard is puzzling. May is in the spring.

Finally, we note that, as in the district court, the Government has failed to explain why the stringent release conditions imposed by the district court would be insufficient to prevent Fox from evading surveillance in a manner that would permit him to engage in the kind of non-consensual, drug-induced, violent sex that forms the basis of the allegations against him undetected. Rather, the Government rests its argument on the notion that, in effect, Fox has an uncontrollable sexual addiction that will compel him to reoffend if released pending trial no matter the consequences. As discussed above, the Government has failed to meet its burden to show that the district court clearly erred in determining otherwise, or in crediting Fox's assertion that he voluntarily ceased engaging in commercial sex and using drugs in September 2020 and the spring of 2021, respectively.

Like the district court, we find this case to be an extremely close call even considering the highly restrictive conditions in the release order, and it may very well be that any loosening of conditions or more compelling evidence presented by the Government could well tip the balance in favor of pretrial detention. But such alternative scenarios are not before us, and we therefore express no view on them.

We have considered the remainder of the Government's arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit