UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                               22-CR-53 (JLS) (JJM)

JAMES P. FOX,

        Defendant.

---

## DECISION AND ORDER

The Government moved to reopen the detention hearing as to Defendant James Fox, based on certain alleged conduct of Fox while on pretrial release and certain new evidence obtained pursuant to a search warrant for Fox's iCloud account. Dkt. 164. Fox opposed the motion to reopen, arguing that the reasons offered by the Government do not satisfy the standard that applies to such motions. Dkt. 168; *see also* Dkt. 170 (sealed Exhibit A to Fox's opposition).

The Bail Reform Act provides:

> [A detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f); *see also United States v. Zhang*, 55 F.4th 141, 147 (2d Cir. 2022) ("Under the Bail Reform Act, of which [Section] 3142(f) is a part, a court has discretion to reopen a bail hearing if information comes to light that is both new and

material to the detention question."). The statute "leaves the decision to reopen a hearing to the sound discretion of the district court." *Zhang*, 55 F.4th at 148.

The various reasons cited by the Government here satisfy the "new and material information" standard. By way of example only, the Government cited alleged internet activity by Fox while under supervision on pretrial release that may support an inference of suicidal ideations. *See* Dkt. 164, at 4–5. The Court recognizes that Fox disputes this inference and claims that he does not have suicidal ideations. *See* Dkt. 168, at 6–7; Dkt. 170, at 1. Whether the alleged internet activity—or anything else cited in the Government's motion—requires a change in Fox's conditions or custody status is a question for the Court to resolve at a detention hearing.

For these reasons, the Court **grants** the Government's motion to reopen the detention hearing (Dkt. 164). The parties shall appear for a detention hearing on **October 6, 2023, at 1:30 p.m.**

To better proceed without interruption at the hearing, counsel may wish to preview to each other evidence that may be relied on at the hearing.

SO ORDERED.

Dated:   September 28, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE