

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    v.                                      22-CR-53 (JLS) (JJM)

JAMES P. FOX,

        Defendant.
_____

## DECISION AND ORDER

Defendant James P. Fox is charged in twelve counts of the thirteen-count superseding indictment with offenses related to drug and sex trafficking, as well as with making a false statement in connection with law enforcement's investigation of those charges. *See* Dkt. 48.

Fox moved, among other things, to: (1) suppress statements he made at his home during the February 3, 2022 search warrant execution and during an interview later that morning at the Lancaster Police Department; (2) suppress evidence obtained pursuant to the February 2, 2022 search warrant; and (3) for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). *See* Dkt. 94-1, at 13–38.[1] The Government responded (Dkt. 104), and Fox replied (Dkt. 105).

On March 13, 2023, Judge McCarthy[2] held oral argument on the issue of whether—and to what extent—Fox's motions required a suppression hearing. Dkt.

---

[1] On March 13, 2023, Fox acknowledged that all other aspects of his pretrial motions had been resolved. *See* Dkt. 107.

[2] United States Magistrate Judge Jeremiah J. McCarthy was designated to hear and determine, and report and recommend on, all pre-trial proceedings under 28

106; Dkt. 107. On April 26, 2023, Judge McCarthy held an evidentiary hearing on the suppression-related issues that the parties had agreed to. Dkt. 115; *see also* Dkt. 107. The parties filed post-hearing briefing to Judge McCarthy. Dkt. 132; Dkt. 133; Dkt. 134; Dkt. 135.

On September 15, 2023, Judge McCarthy issued a Report, Recommendation, and Order ("R&R"),[3] recommending that this Court: (1) deny Fox's motion to suppress statements made at his residence on February 3, 2022; (2) deny Fox's motion to suppress statements made at the Lancaster Police Department on February 3, 2022; (3) deny Fox's motion to suppress evidence seized pursuant to the February 2, 2022 search warrant; and (4) deny Fox's motion for a *Franks* hearing. *See* Dkt. 160.[4]

Fox objected to the R&R. Dkt. 187. He argues that the recommendations to deny his motion to suppress statements made at his residence and the Lancaster Police Department on February 3, 2022, his motion to suppress evidence seized pursuant to the February 2, 2022 search warrant, and his motion for a *Franks* hearing were incorrect, and that this Court must reject them. *See* Dkt. 187, at 6–7

---

U.S.C. §§ 636(b)(1)(A) and (B). Dkt. 34.

[3] Fox twice asked Judge McCarthy to delay issuing the R&R. *See* Dkt. 148; Dkt. 152; Dkt. 153. Judge McCarthy granted both requests. Dkt. 151; Dkt. 154. During that time, Speedy Trial Act time was excluded through and including the February 26, 2024 trial date, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv). *See* Dkt. 128; *see also* Dkt. 151.

[4] Judge McCarthy also granted the Government's cross-motion for reciprocal discovery. *See id.* at 24. Because no party objected to that order, the Court does not address it here.

2

(listing objections and summarizing the bases for them). In sum, Fox argues that he was not given *Miranda* warnings before making statements at his home, his statements resulted from coercive police conduct, and the search warrant was defective because it lacked probable cause, was stale, and contained intentional and material false statements and omissions. *See id.* The Government responded (Dkt. 190), and Fox replied (Dkt. 192).

On dispositive motions, a district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). A district court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). But a district court need not review the recommendation of a magistrate judge to which no party objects. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

*De novo* review applies to Fox's objections—all of which relate to recommendations on his suppression motions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). This Court carefully reviewed Judge McCarthy's recommendations and the entirety of the relevant record. Based on that review, the Court accepts and adopts Judge McCarthy's recommendations to deny Fox's motions. In addition to the cases cited by Judge McCarthy, the Court notes that *United States v. Schaffer*, 851 F.3d 166, 173–77 (2d Cir. 2017), further supports the conclusion that Fox was not in "custody" for purposes of *Miranda* when he made statements at his residence.

3

## CONCLUSION

For the reasons above and in the R&R, the Court **accepts and adopts** the recommendations in the R&R (Dkt. 160) and **denies** Fox's motions to suppress and motion for a *Franks* hearing (Dkt. 94).

SO ORDERED.

Dated:   December 14, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE